NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 2, 2021[*]
Decided June 3, 2021

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-1542

| | |
|---|---|
| SIMPLY HOME HEALTH CARE, LLC, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 19 C 2313 |
| ADVANCEMED CORPORATION & XAVIER BECERRA, Secretary of the United States Department of Health and Human Services,[†] | Harry D. Leinenweber, *Judge*. |
| *Defendants-Appellees.* | |

## O R D E R

Plaintiff Simply Home Health Care, LLC provided services to Medicare beneficiaries. AdvanceMed, a quality-control contractor for the federal Department of Health and Human Services, temporarily suspended plaintiff's Medicare reimbursements because of potential overpayment. Later communications, however,

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

[†] We substitute the current officeholder under FED. R. APP. P. 43(c)(2).

referred to suspected fraud. After an investigation, AdvanceMed determined that plaintiff had been overpaid by about $5.5 million. Plaintiff then filed a purported class-action suit under the Medicare Act, alleging that AdvanceMed changed the basis for providers' suspensions without cause, tortiously interfering with their Medicare contracts and violating their due-process rights. Because the plaintiff had not exhausted its administrative remedies, the district court concluded that it lacked jurisdiction under the Act. We affirm the dismissal on that ground.

Plaintiff provided skilled nursing and other services to home-bound beneficiaries of Medicare—a health insurance program administered by the Department's Centers for Medicare and Medicaid Services ("CMS")—and billed Part A of the program. *See* 42 U.S.C. §§ 1395c, 1395hh(a)(1); 42 C.F.R. § 424.22. CMS uses a prospective payment system for home health services: It pays providers half of their anticipated reimbursable costs at the beginning of a 60-day period and the other half at the end. *See* 42 C.F.R. §§ 484.200–484.265. It uses "integrity" contractors to ensure that beneficiaries receive the services for which providers prospectively charge Medicare and to investigate providers for fraud, waste, and abuse. 42 U.S.C. §§ 1395ddd, 1395kk-1.

AdvanceMed is one of those contractors. It notified plaintiff in April 2017 that, because it had reliable information that plaintiff had been overpaid, it was temporarily suspending plaintiff's Medicare reimbursements under 42 C.F.R. § 405.371(a)(1). In a rebuttal letter, plaintiff asserted that the suspension was erroneous. *See* § 405.372(b)(2). AdvanceMed replied with two letters informing plaintiff that the suspension would remain in place. But those letters cited § 405.371(a)(2) as the ground for the suspension; that provision pertains to suspected fraud, while § 405.371(a)(1) covers suspected overpayment. Although plaintiff alleges that this change was intentional, a member of AdvanceMed's staff declared that the citations to the fraud regulation were accidental. Under either regulation, plaintiff could not further dispute the temporary suspension at that time. *See* § 405.375(c). AdvanceMed lifted the suspension within the 180-day limit for overpayment investigations, *see* § 405.372(d)(1), having determined that plaintiff owed about $5.5 million in overpayments.

To challenge an overpayment determination, a provider can pursue a progressive four-part administrative process. *See* § 405.904. First, it can seek a redetermination from an administrative contractor charged with collecting its payment. *See* 42 U.S.C. § 1395ff(a)(3); 42 C.F.R. § 405.940. Second, it can seek reconsideration from a second administrative contractor. 42 U.S.C. § 1395ff(c); 42 C.F.R. § 405.960. Third, it can appeal to an Administrative Law Judge. 42 U.S.C. § 1395ff(d); 42 C.F.R. § 405.1002.

And fourth, it can appeal an adverse decision to the Medicare Appeals Council, which would render a final decision for the Secretary of the Department, which is subject to judicial review. 42 U.S.C. § 405(g)–(h) (incorporated to the Medicare Act by §§ 1395ii, 1395ff(b)(1)); 42 C.F.R. §§ 405.1100, 405.1136. Plaintiff took only the first two steps, through which the amount it owed to Medicare was reduced slightly. After that, plaintiff's debt was referred to a collection agency.

Plaintiff then filed suit against AdvanceMed and the Department on behalf of itself and all other home healthcare agencies to which AdvanceMed sent suspension notices based on fraud without consulting with law enforcement (as required by Medicare regulations, *see* 42 C.F.R. § 405.371(a)(2)). It alleged that AdvanceMed tortiously interfered with providers' contracts with CMS and violated their due-process rights by initiating suspensions based on suspicions of overpayment and then baselessly changing the reason to suspicion of fraud. Plaintiff also sought a declaratory judgment that AdvanceMed's actions were unlawful. Plaintiff cited the Medicare Act as the basis of federal subject-matter jurisdiction over its claims.

The defendants moved to dismiss the case for lack of subject-matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). They argued that, because plaintiff had failed to pursue the last two levels of administrative review, it had not exhausted its administrative remedies as required for the court to have subject-matter jurisdiction over any claims under the Act. *See* 42 U.S.C. §§ 405(g)–(h), 1395ii, 1395ff(b)(1). The district court agreed and, because plaintiff could present no alternate jurisdictional basis, dismissed the case.

On appeal, plaintiff principally argues the merits of its claims and asserts that AdvanceMed's representatives lied in attesting that a clerical error accounts for the change in the reason for plaintiff's suspension. But the question of subject-matter jurisdiction must come first. On that issue, plaintiff contends that, because it could not further appeal its temporary suspension after sending its rebuttal letter, it exhausted the only administrative remedies available to challenge that decision.

The district court correctly concluded that it lacked jurisdiction over plaintiff's claims. When a provider brings a claim "arising under" the Act against the Department or its contractors, as the plaintiff did here, the Act precludes federal courts from exercising jurisdiction under 28 U.S.C. § 1331 or § 1346. *See* 42 U.S.C. §§ 405(h), 1395ii. The Act itself provides the only basis for federal subject-matter jurisdiction. 42 U.S.C. § 405(g)–(h); *Heckler v. Ringer*, 466 U.S. 602, 614–15 (1984). And it states that a Medicare provider may challenge only a final decision by the Secretary in federal court. 42 U.S.C.

§§ 405(g)–(h). Thus, for a federal court to have subject-matter jurisdiction over a provider's claims, the provider first must exhaust the administrative procedures necessary to obtain a final decision. *Id.* § 405(g)–(h); *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976). Because plaintiff did not complete administrative review and never obtained a final decision from the Secretary, it cannot sue under the Act.

Nor does the fact that AdvanceMed's decision, after reviewing plaintiff's rebuttal, to continue suspending plaintiff's payments while it investigated was "not appealable," 42 C.F.R. § 405.375(c), exempt plaintiff from obtaining a final decision. Although we do not appear to have considered § 405.375(c), we addressed a similar regulation in *Homewood Pro. Care Ctr., Ltd. v. Heckler*, 764 F.2d 1242 (7th Cir. 1985). There, a Medicare contractor had temporarily suspended payments to a provider based on suspected fraud, and the provider sued in federal court, alleging that the suspension was wrongful. *Id.* at 1244–45. But the provider could challenge the contractor's process and reasons for the suspension in an administrative appeal of the final fraud and payment determinations. *Id.* at 1248. Thus, we held, the provider had to exhaust that administrative procedure and receive a final decision from the Secretary before filing suit. *Id.* at 1248–50. Here too, the temporary suspension of plaintiff's reimbursements was one step in an investigatory process to determine whether plaintiff owed CMS money. *See* §§ 405.370–405.379. Plaintiff could have challenged that process in an administrative appeal of the final overpayment determination and received an appealable final decision. Because it failed to do so, judicial review was not available. Couching the claim as a challenge to just the temporary suspension does not relieve plaintiff of the exhaustion requirement, unless its claims were grounded in something other than the Medicare Act.

Alternatively, plaintiff argues that this court should waive the Act's exhaustion requirement based on futility. We decline to do so for two reasons. First, plaintiff appears to argue that § 405.375(c) barred it from challenging the suspension process in an administrative appeal of the final overpayment determination. Yet plaintiff provides no support for that argument, and we find no indication that plaintiff could not have raised these issues before the Department. *See Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 22–23 (2000). In any event, because an action, not particular arguments, must be "channeled through" the administrative process, whether the plaintiff could have obtained relief from the temporary suspension is "beside the point." *Id.* at 23. Plaintiff had to receive a final decision from the Secretary with respect to the action the Department advanced against it, at which time it could seek judicial review and raise any argument against the suspension process. *Id.*

Second, this court has never recognized futility alone as a reason to waive the Act's exhaustion requirement. *See Home Care Providers, Inc. v. Hemmelgarn*, 861 F.3d 615, 624 (7th Cir. 2017); *Health Equity Res. Urbana, Inc. v. Sullivan*, 927 F.2d 963, 966 (7th Cir. 1991). And we need not consider whether futility is sufficient here, as the single non-binding authority on which plaintiff relies is inapposite. *See Am. Hosp. Ass'n v. Azar,* 348 F. Supp. 3d 62 (D.D.C. 2018), *rev'd on other grounds*, 967 F.3d 818 (D.C. Cir. 2020). That court waived exhaustion because those plaintiffs raised a purely legal question concerning the scope of the Secretary's statutory authority; there were no factual issues in dispute. *Id.* at 75. In contrast, plaintiff's claims rest on factual issues—such as whether and why AdvanceMed changed its reason for suspending plaintiff's payments—on which a record should have been developed through the administrative process.

Finally, plaintiff contends that the district court had jurisdiction because plaintiff sought a declaratory judgment under 28 U.S.C. § 2201(a). But that statute "provides no independent source of federal subject-matter jurisdiction." *Manley v. Law*, 889 F.3d 885, 893 (7th Cir. 2018) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)).

AFFIRMED